# 2IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joseph Van Sach (17041-424), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20 C 50180 |
| Department of Justice, et al., | ) Hon. Rebecca R. Pallmeyer |
| Defendants. | ) |

## ORDER

Plaintiff's second amended complaint [19] is dismissed without prejudice. To proceed further, Plaintiff must submit a third amended complaint against proper defendant(s), limited to claims stemming from the events of April 2, 2019, and April 3, 2019. Failure to submit a third amended complaint by October 8, 2020, will result in summary dismissal of this lawsuit. Plaintiff's request for attorney representation, which appears in the body of his second amended complaint, is denied because he has not demonstrated that he is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1); *see also* [18] (showing that Plaintiff receives financial assistance from his family), and because Plaintiff appears to be capable of proceeding effectively on his own, at least at this stage. The Clerk of Court is directed to send Plaintiff an amended complaint form and instructions along with a copy of this order.

## STATEMENT

Federal prisoner Joseph Van Sach, who is housed at the federal penitentiary in Thomson, Illinois ("USP Thomson"), initiated this lawsuit by submitting a 33-page complaint against no fewer than 41 defendants. He subsequently submitted an amended complaint that was considerably shorter than the original but nevertheless included claims that this court considered improperly joined in a single lawsuit. He also failed to identify a proper defendant to any of the claims. The court therefore dismissed the amended complaint with leave to amend, setting forth instructions about what Plaintiff must do to proceed with this lawsuit. *See* [17], July 20, 2020 Order.

Plaintiff has submitted a second amended complaint, but it does not cure the deficiencies in Plaintiff's pleading for two reasons. First, Plaintiff states on the first page of the second amended complaint that he is bringing this lawsuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but the only defendant named in the caption of the pleading is "United States Penitentiary Thomson." [19], pg. 1. As the court has explained, individual units of the federal government—such as USP Thomson, the Department of Justice, and the Federal Bureau of Prisons—are not proper defendants to a *Bivens* action. *See* [17], pg. 3 (explaining that a claim under *Bivens* is based on individual liability and may be brought only against the individual or individuals who participated in the alleged conduct).

Plaintiff's choice of USP Thomson as the sole defendant to his second amended complaint suggests that he might want to proceed on a theory that the United States is responsible for the conduct of its employees. If this is so, then his claims must be brought under the Federal Tort

Claims Act (FTCA). *See* 28 U.S.C. § 1346(b)(1) (authorizing claims for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). The United States is the only proper defendant to an FTCA claim. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *see Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) (explaining that a federal agency cannot be sued in its own name under the FTCA).

Because Plaintiff may not proceed against USP Thomson under either *Bivens* or the FTCA, the complaint must be dismissed for that reason. There are other issues as well, however. Plaintiff has not yet followed the court's instruction that he must limit any amended pleading to properly joined claims. Specifically, Plaintiff continues to assert in the second amended complaint claims stemming from three distinct events or series of events: (1) three alleged assaults that began on the evening of April 2, 2019, and continued through the afternoon of April 3, 2019; (2) an ear-pull on June 6, 2019; and (3) two alleged assaults on October 4, 2019. *See* Dkt. 19, pg. 4-5. He also complains about the medical care he received following the incidents in April and October, which necessarily concern conduct by different individuals than those involved in the alleged uses of force. Plaintiff seems to understand that his second amended complaint does not comply with the court's prior orders: He argues, "With all due respect to the court and those involved in this case, any reasonable juror will see the connection of the following six assaults that have a long connecting paper trail established with one another. I am no legal expert, but any attorney that would help me can see the connection to all these criminal assaults against me by United States Penitentiary Thomson staff members[.]" [19], pg. 4.

Courts generally consider claims to "arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1653 (3d ed. 2001)). Here, the alleged uses of force underlying Plaintiff's claims—*i.e.*, three incidents from April 2, 2019 to April 3, 2019; one incident in June 2019; and two incidents during a single day in October 2019—will not involve overlapping evidence. Instead, each alleged use of force will require discovery unique to the circumstances giving rise to (and justification for) the use of force. The court stands by its conclusion that the April 2019 incidents do not appear to be related for joinder purposes to the June 2019 ear-pull or the October 2019 incidents.

This is so even though Plaintiff tries to tie each of the alleged incidents together with a theory that any incidents following the initial use of force on April 2, 2019, were retaliatory. The theory that all of the episodes were retaliatory is not enough to permit claims stemming from three events--all separate and distinct in every other way--to proceed in the same lawsuit. Plaintiff also has expressed his intention to continue his effort to include, in this lawsuit, claims concerning every encounter he has had with correctional officers at Thomson. *See, e.g.,* [18], pg. 1-2. He may not proceed in this manner.

A court may, at its discretion and at any time, "sever any claim against a party." Fed. R. Civ. P. 21; *see Vermillion v. Levenhagen*, No. 14-2327, 2015 WL 927356, at *4 (7th Cir. Mar. 5, 2015) (explaining that district court has discretion to sever "discrete and separate" claims). The court gave Plaintiff two chances to narrow his claims on his own, but he has not done so. The

court therefore will, on its own motion, limit the scope of this lawsuit to the first events in Plaintiff's chronology: claims concerning the purported uses of force against Plaintiff at USP Thomson on April 2 and April 3, 2019. In limiting the complaint in this way, the court expresses no opinion concerning the merits of any of Plaintiff's claims, or of any potential defenses. The court will conduct the review required by 28 U.S.C. § 1915A after Plaintiff has submitted a third amended complaint that complies with the instructions in this order.

To proceed with this action, Plaintiff must submit a third amended complaint that limits his claims to those stemming from the events of April 2 and April 3, 2019. He also must identify a proper defendant(s) to his claims. He must write the name of the defendant(s) on the first page of the amended complaint form, using the lines above the notation "(Enter above the full name of ALL defendants in this action. Do not use 'et al.')," and in section II. on the second page of the form. Plaintiff then must explain, in the "Statement of Claim" section, what each named defendant allegedly did to violate his rights. In deciding how to proceed, Plaintiff is reminded that Plaintiff may need to exhaust administrative remedies under either *Bivens* or the FTCA and that available remedies may differ, depending on the claim or claims he chooses to pursue in this lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that PLRA exhaustion requirement applies to *Bivens* actions); 28 U.S.C. § 2675(a) & 28 C.F.R. § 14.2(a) (re FTCA claims).

Any third amended complaint must be submitted on the court's required form, *see* Local Rule 81.1, and must comport with Federal Rule of Civil Procedure 11. That Rule provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have or will have evidentiary support. FED. R. CIV. P. 11(b). Plaintiff must write both the case number and the judge's name on the third amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes all prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the third amended complaint without reference to prior complaints. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit a third amended complaint by October 8, 2020 will result in summary dismissal of this lawsuit.

ENTER:

Date: September 1, 2020

_____
REBECCA R. PALLMEYER
United States District Judge